# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Nebyou Solomon,

    Plaintiff

v.

Las Vegas Metropolitan Police Department, et al.,

    Defendants

Case No.: 2:19-cv-00652-JAD-DJA

**Order Granting in Part and Denying in Part Fashion Show Mall's Motion to Dismiss**

[ECF No. 13]

Plaintiff Nebyou Solomon sues Fashion Show Mall, the Las Vegas Metropolitan Police Department (LVMPD), and others, claiming that they violated his civil rights when they arrested him for constitutionally protected activity as a newsgatherer filming a protest from the public sidewalk next to the Fashion Show Mall. Fashion Show Mall moves to dismiss the civil-rights, conspiracy, and negligence-based claims against it, arguing that it is not liable as a private actor for any of the alleged constitutional violations and that it did not cause Solomon any damages because Solomon is the one who called the LVMPD officers to intervene.[1]

Because Solomon has not pleaded sufficient facts to show that Fashion Show Mall can be liable as a per se state actor, I dismiss the §1983 claims against it with leave to amend if Solomon can plead facts to support a public-function or joint-actor theory of liability. I also dismiss his conspiracy claim with leave to amend because he failed to plead facts showing that LVMPD and Fashion Show Mall agreed to violate his civil rights. But I deny the motion to dismiss Solomon's negligence-based claim because he pleaded sufficient facts to show that

---

[1] ECF No. 13 (motion to dismiss).

Fashion Show Mall had a non-delegable duty to train its security guards to not unlawfully eject individuals from a public sidewalk.

## Background[2]

Solomon alleges that he was a photojournalist for KLAS-TV who was assigned to film a protest being held on the sidewalk in front of the Trump International Hotel in Las Vegas.[3] Solomon set up his equipment across the street on the sidewalk, next to the Fashion Show Mall.[4] Three Fashion Show Mall security guards approached him and demanded that he leave because the sidewalk was private property.[5] Solomon explained that he was exercising his First Amendment right as a media person "to film in public forums such as the sidewalk"—Solomon was informed as much the previous month by a Las Vegas Metropolitan Police Department (LVMPD) officer—but the guards insisted that he had to leave the private sidewalk.[6] Solomon then "waved over [an LVMPD] officer, assuming that the officer would vindicate his right to be on the public sidewalk and to do his job," but the officer sided with the security guards, and four of them handcuffed Solomon and walked him to a patrol car.[7] The officers shackled, arrested, and placed Solomon in a police van until the protest ended.[8]

The Fashion Show Mall guards gave Solomon a trespass notice that exclude him from the property and surrounding areas for 19 months.[9] He asked the guards whether the notice included

---

[2] These facts are summarized from Solomon's complaint and are not factual findings.
[3] ECF No. 6 at 2.
[4] *Id.*
[5] *Id.*
[6] *Id.* at 2, 11.
[7] *Id.* at 11–12.
[8] *Id.* at 13.
[9] *Id.*

the sidewalk.[10] They responded that it didn't have to specifically state that the sidewalk was included, and they pointed to the map of the property affixed to the back of the notice that seemed to extend the property line past the sidewalk and on to the north side of the road next to the Trump International Hotel.[11]

When the protested ended, the officers transported Solomon to the Clark County Detention Center (CCDC) where he was booked on charges for trespassing and obstruction of a police officer.[12] He was released from CCDC four hours later,[13] and the Clark County District Attorney's Office declined to press charges.[14]

Solomon claims that he was terminated from KLAS-TV after this arrest, and that both the negative publicity surrounding the arrest and his 19-month ban from the premises has prevented him from employment opportunities as a freelance photojournalist.[15] He sues the Fashion Show Mall; Universal Protection Service, LLC; three Doe security guards; LVMPD; Sheriff Joe Lombardo; and six LVMPD officers in their individual capacities. Solomon alleges five causes of action against Fashion Show Mall: (1) a § 1983 claim for violation of his rights to free speech and freedom of the press under the First and Fourteenth Amendment, (2) a § 1983 claim for violations of his substantive due-process rights under the Fourteenth Amendment, (3) a §1983 claim for a civil conspiracy to violate his rights, (4) a §1983 claim for excessive and

---

[10] *Id*. at 9–11.
[11] *Id*.
[12] *Id*. at 14.
[13] *Id*.
[14] *Id*.
[15] *Id*.

3

unreasonable use of force, and a (5) claim for negligent training, supervision, and retention under Nevada Revised Statute § 41.130.[16]

## Discussion

### I. Motion-to-dismiss standard

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[17] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[18] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[19] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[20]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[21] Mere recitals of a claim's elements, supported by only conclusory statements, are

---

[16] ECF No. 6. Solomon raises additional and joint causes of action against the other defendants that I do not list here because this motion to dismiss concerns only the claims against Fashion Show Mall.

[17] Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[18] *Twombly*, 550 U.S. at 570.

[19] *Iqbal*, 556 U.S. at 678.

[20] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[21] *Iqbal*, 556 U.S. at 678–79.

4

insufficient.[22] The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[23] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[24] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[25]

## II. Solomon fails to plead facts showing that Fashion Show Mall is a state actor that is liable under § 1983.

Fashion Show Mall argues that Solomon has not shown that it is a state actor, that it was acting jointly with LVMPD, or that it conspired with LVMPD to violate his rights and cannot therefore be liable under § 1983.[26] Solomon responds that Fashion Show Mall became a state actor either when it executed the public function of regulating speech on the sidewalk, which he alleges is a public forum, or when it acted jointly with LVMPD to remove him from the sidewalk, and is therefore liable under §1983.[27] Fashion Show Mall replies that it can't be liable under either the public-function or joint-action theory because it was Solomon who initiated the injury-causing activity when he called on the LVMPD officers to intervene.[28] In other words, the Mall argues that Solomon pleaded himself out of his claims.[29]

---

[22] *Id.*

[23] *Id.* at 679.

[24] *Id.*

[25] *Twombly*, 550 U.S. at 570.

[26] ECF No. 13.

[27] ECF No. 28 at 5–7.

[28] ECF No. 13 at 7–9.

[29] *Id*. at 13.

### A. Private-actor liability § 1983

"To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law."[30] "A defendant acts under color of law if he 'exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[31] Typically, only public agencies and officers act "under color of state law," but private individuals can be liable under §1983 in certain circumstances.[32] "State action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."[33] There are many tests that courts use to determine if a private actor is acting under state law,[34] but the parties focus on two: the public-function and joint-actor tests.

### B. Solomon hasn't pleaded facts showing that Fashion Show Mall is a state actor under the public-function test.

Under the public-function test, "when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations."[35] "To satisfy the

---

[30] *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001).

[31] *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1100, 1106 (D. Nev. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (alterations omitted)).

[32] *Id.* (quoting *Taylor v. First Wyo. Bank, N.A.*, 707 F.2d 388, 389 (9th Cir. 1983)).

[33] *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002) (internal quotation marks and alterations omitted).

[34] *Id.*

[35] *Id.* at 554–55 (quoting *Evans v. Newton*, 382 U.S. 296, 299 (1966)).

public-function test, the function at issue must be both traditionally and exclusively governmental."[36]

A sidewalk is a public forum,[37] and courts have recognized that regulation of speech in a public forum is "a traditional and exclusive public function."[38] For example, the Ninth Circuit explained in *Lee v. Katz* that a corporation that leased from the city "a large open-air plaza" nestled between three sports and entertainment venues was "perform[ing] an exclusively and traditionally public function within a public forum" when the city delegated the speech-regulation function to it.[39] Unlike with a short-term occupant like a street-festival organizer where the city "maintain[ed] the ultimate power to regulate activities in the forum," the lessee corporation had exclusive regulatory authority and was therefore considered a state actor.[40] Thus, "[t]he state actor inquiry is focused on whether the source of the private actor's power comes from the [s]tate."[41] Conversely, "[i]f the private actor is merely claiming power derived from the [s]tate with no actual delegation or abdication by the [s]tate, the private actor's mere attempts to perform traditional public functions do not suffice to make the private actor a state actor."[42]

Solomon alleges that Fashion Show Mall polices its sidewalks and "eject[s] individuals engaged in newsgathering and other protected First Amendment activities on its public forum

---

[36] *Id*. at 555.
[37] *Am. Civil Liberties Union of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1099 (9th Cir. 2003).
[38] *Lee*, 276 F.3d at 556–57.
[39] *Id*. at 557.
[40] *Id*. at 556.
[41] *Perez-Morciglio*, 820 F. Supp. 2d at 1107.
[42] *Id*.

7

sidewalks."[43] He argues that its security guards were state actors because the LVMPD officers complied with the guards' request to remove Solomon from the property. But this is a misreading of the caselaw. A private entity is not cloaked in state-actor authority just because the officer agreed that the individual should be removed; the inquiry turns on the whether the state retained the ultimate authority. If a police officer can decline or agree to arrest the individuals whom the private actor has detained or arrested for protesting on the sidewalk, then the private actor does not have the ultimate public-function authority.[44] And while Solomon offers the conclusory argument that "[LVMPD] ceded its authority to Fashion Show" based on LVMPD's "policy and practice of accepting the assertions of [its] security personnel with respect to alleged trespassers, without making independent determinations as to whether a crime has been committed[,]"[45] he has not alleged facts to show that such concession occurred. He also has not pleaded facts showing the source of Fashion Show Mall's policing authority. Solomon asks me to make too many inferential steps to support this theory, and I decline to do so. Because he fails to show that the Mall is a state actor under the public-function test, I dismiss this claim with leave to amend to give Solomon one more chance to plead true facts to support such a liability theory.

### C. Solomon hasn't shown that Fashion Show Mall is a state actor under the joint-actor test.

"To be engaged in joint action, a private party must be a 'willful participant' with the State or its agents in an activity which deprives others of constitutional rights."[46] To satisfy the

---

[43] ECF No. 6 at 9.

[44] *Perez-Morciglio*, 820 F. Supp. 2d at 1108.

[45] ECF No. 28 at 7.

[46] *Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1211 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Aug. 23, 2002) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

8

test, the plaintiff must show that the private party's actions are substantially and "'inextricably intertwined' with those of the government," or that a conspiracy to violate his constitutional rights exists.[47] "If a plaintiff can show the police condoned a private party's activity that the police knew to be illegal, a question of fact will exist as to whether the private party and the state actors acted jointly."[48] "However, merely complaining to the police or the police standing by to keep the peace do not amount to joint action."[49]

Solomon argues that Fashion Show Mall is a joint state actor because LVMPD has "a policy and practice of encouraging and assisting" Fashion Show Mall in ejecting those engaged in newsgathering or others engaged in protected First Amendment activity on the sidewalk.[50] He alleges that LVMPD accepts Fashion Show Mall security guards' assertions that an individual has trespassed without making that determination for themselves.[51] Fashion Show Mall responds that Solomon pleaded himself out of the claim by conceding that he called the officers over because he can't show that LVMPD willfully participated in his arrest.[52] Solomon responds that Fashion Show Mall had already violated his rights and that LVMPD continued the violation, so the fact that he invited their participation is immaterial.[53]

Because the inquiry focuses on the interactions between the state and private actors, not who called the officers, Solomon's invitation is not material to this analysis. Solomon has

---

[47] *Id.*; *Perez-Morciglio*, 820 F. Supp. 2d at 1108.
[48] *Id.*
[49] *Id.*
[50] ECF No. 28 (citing ECF No. 6).
[51] *Id.*
[52] ECF No. 13 at 9.
[53] ECF No. 28 at 8.

9

alleged that, as a newsgatherer, he had a right to be on a public forum—even if it was attached to a private property. He has also alleged that the Fashion Show Mall security guards ejected him from the property for trespassing, even though he was engaged in protected activity. He argues that the LVMPD officers ratified the alleged unconstitutional ejection when they arrested him without determining for themselves whether he could be there and therefore joined Fashion Show Mall to further violate his rights.[54]

But Solomon's claim still falls short because he fails to plead facts to show that the Fashion Show Mall's actions were inextricably intertwined with the officer's actions[55] or that LVMPD officers substantially relied on the security guards' actions to deprive Solomon of his rights.[56] Solomon also fails to plead facts to show that the LVMPD officers knew that Fashion Show Mall had violated Solomon's rights so as to argue that they condoned the allegedly unlawful arrest. So I find that Solomon has not pleaded sufficient facts to show that Fashion Show Mall is liable under the joint-actor test. But because I am not yet convinced that he can plead no set of facts to show that Fashion Show Mall may be liable under the joint-actor theory, I grant him leave to amend this claim if he can plead to true facts to support it.[57]

---

[54] *Id*. at 8.

[55] *See Brunette*, 294 F.3d at 1211 (quoting *Dennis*, 449 U.S. at 27).

[56] *See Perez-Morciglio*, 820 F. Supp. 2d at 1108 (explaining that there is joint state-private action "when the state knowingly accepts the benefits derived from unconstitutional behavior").

[57] Solomon does not argue that Fashion Show Mall could be liable under the joint-actor test based on a conspiracy, raising it as a separate claim instead, so I do not reach that issue. ECF No. 28 at 7–8.

10

**III.    Solomon hasn't pleaded sufficient facts to support his conspiracy claim.**

"To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy."[58] "[A] plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights.[59] The agreement "may be inferred on the basis of circumstantial evidence such as the actions of the defendants.[60] "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy."[61]

Fashion Show Mall argues that Solomon's conspiracy claim can't save his deficient state-actor claims because it's too bare and LVMPD officers didn't agree to violate his rights because it was Solomon who called on them.[62] Solomon notes that Fashion Show Mall did not contest that his rights were violated, and he argues that he pleaded sufficient facts to show that there was an express or implied agreement between LVMPD and Fashion Show Mall based on the alleged existence of policies, customs, or practices where LVMPD arrests newsgatherers whom the Fashion Show Mall ejects from the sidewalk.[63] He adds that the LVMPD and Fashion Show

---

[58] *Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989).

[59] *Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301 (9th Cir. 1999) (internal quotation marks omitted).

[60] *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989) (en banc) (internal quotation marks omitted).

[61] *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (quoting *United Steelworkers*, 865 F.2d at 1541 (9th Cir. 1989)).

[62] ECF No. 13 at 9.

[63] ECF No. 28 at 9.

11

Mall have a "meeting of the minds" where the officers routinely make those arrests or citations without conducting their own probable-cause assessment.[64]

Solomon's allegations are too thin, and his mere recitation of the elements does little to help his claim. He has not pleaded specific facts to show that such an agreement existed, what it entailed, what was each defendant's objective in the alleged conspiracy, or that they communicated before the arrest. So I dismiss this claim. But I because I am not yet convinced that he can plead no set of facts to show that an agreement existed, I give him leave to amend this claim if he can plead true facts to fill in the gaps.

**IV. Solomon has pleaded a plausible negligence claim.**

Fashion Show Mall argues that Solomon's claim for negligent training, supervision, and retention fails because he conceded that Fashion Show Mall was no longer involved in his arrest after the LVMPD officers intervened, so, even if it owed Solomon a duty, he cannot establish causation for his alleged injuries.[65] Solomon responds that Fashion Show Mall had a non-delegable duty to provide responsible security guards and to train them not to eject newsgatherers engaged in constitutionally protected activity from the public sidewalk, and that it breached that duty when its guards ejected Solomon.[66] Solomon adds that the Fashion Show Mall actually and proximately caused his injuries because, but for its negligent training, he would not have been ejected from the property and it was foreseeable that a wrongfully-ejected

---

[64] *Id.* at 22.

[65] ECF No. 13 at 11–12.

[66] ECF No. 28 at 11.

individual would ask law enforcement to intervene in response to the guards' unlawful demands.[67]

An employer "has a duty to use reasonable care in the training, supervision, and retention of [its] employees to make sure that the employees are fit for their positions."[68] A private entity that hires security personnel, either directly or through a third party, retains the duty to properly train the personnel.[69] Because the claim is based on negligence, the plaintiff must also show: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages."[70]

Solomon has stated a plausible claim for negligence against Fashion Show Mall. He alleges that the sidewalk in front of the Fashion Show Mall is a public forum and that he was engaged in newsgathering activities when Fashion Show Mall guards ordered him to leave, erroneously informing him that the sidewalk was private property.[71] He also alleges that LVMPD officers arrested him based on the unlawful ejection. And while it was LVMPD officers who arrested him for the purportedly unlawful ejection, Solomon alleges that Fashion Show Mall banned him from the property for 19 months and that he has been unable to obtain

---

[67] *Id*. at 12. Fashion Show Mall counters with an entirely new argument in their reply brief—that "private conduct, no matter how discriminatory or wrongful, does not arise to a tort under § 1983." ECF No. 36 at 8 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Because this argument was raised for the first time in its reply brief, I exercise my discretion to disregard it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (providing that a district court has the discretion to ignore new arguments raised in a reply brief).

[68] *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996) (internal quotation omitted).

[69] *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1179 (Nev. 1996).

[70] *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).

[71] ECF No. 6

13

employment because of the arrest and risk of being rearrested.[72]  Accordingly, I deny Fashion Show Mall's motion to dismiss Solomon's negligence claim.

## Conclusion

IT IS THEREFORE ORDERED that the defendant's motion to dismiss **[ECF No. 13]** is **GRANTED IN PART AND DENIED IN PART**.  The § 1983 claims and for conspiracy are dismissed without prejudice.  The motion is denied with respect to plaintiff's negligence claim.

IT IS FURTHER ORDERED that the plaintiff has until March 9, 2020, to amend his complaint to plead true facts to show that Fashion Show Mall is liable under a public-function or joint-actor theory of liability, and to amend his conspiracy claim.

DATED February 26, 2020.

_____
Jennifer A. Dorsey
United States District Judge

---

[72] *Id*. at 14.