MARGARET A. MCLETCHIE, Nevada Bar No. 10931
PIETER M. O'LEARY, Nevada Bar No. 15297
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW**
602 South Tenth St.
Las Vegas, Nevada 89101
Telephone: (702) 728-5300; Fax: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Plaintiff Nebyou Solomon*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| NEBYOU SOLOMON, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JOSEPH LOMBARDO, individually and in his official capacity as Sheriff; JOHN L. PELLETIER, an individual; RICHARD E. MAUPIN, an individual; RYAN J. FRYMAN, an individual; JUAN D. CONTRERAS, an individual; ALLEN J. PAVESE, an individual; BRANDON M. MEADS, an individual; FASHION SHOW MALL, LLC, a Nevada limited-liability company; UNIVERSAL PROTECTION SERVICE, LLC, a Nevada limited-liability company; ANDREW ANTONIO, an individual, EDWARDO AGUILAR, an individual, DOES I – V, individuals, <br><br> Defendants. | Case. No.: 2:19-cv-00652-CDS-DJA <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO RE-TAX COSTS** |

Plaintiff NEBYOU SOLOMON, by and through his attorneys of record, hereby replies in support of his Motion to Retax Costs pursuant to FRCP 54(d) and Local Rule LR 54-12. This Reply is supported by the attached memorandum of points and authorities, as well as all papers and pleadings on file in this matter, and any argument this Court may require.

///

1

DATED this 1st day of February, 2024.

*/s/ Leo S. Wolpert*
MARGARET A. MCLETCHIE, Nevada Bar No. 10931
PIETER M. O'LEARY, Nevada Bar No. 15297
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW**
602 South Tenth St.
Las Vegas, Nevada 89101
Telephone: (702) 728-5300; Fax: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Plaintiff Nebyou Solomon*

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

While, as Defendants note in their Opposition, Mr. Solomon's matter was adjudicated on summary judgment and the Clerk did not sustain his objections to the Bill of Costs (ECF No. 173, p. 2:12), that does not imply that Defendants' requested costs should be imposed upon Mr. Solomon. Contrary to Defendants' arguments, the instant motion is meritorious and this Court should re-tax costs downward.

II. **LEGAL ARGUMENT**

A. **Summary Adjudication Does Not Preclude Re-Taxing of Costs.**

Defendants argue that because the Court "granted summary judgment in favor of the LVMPD Defendants" and "found the Plaintiff failed to generate any issues of material fact on any of his claims" (ECF No. 173, p. 4:3-5) that costs should not be re-taxed downward against Mr. Solomon. However, courts in this district have not treated this as dispositive on a motion to re-tax.

For example, in *Miller v. Nye Cty.*, No. 2:19-cv-00601-JAD-DJA, 2022 U.S. Dist. LEXIS 138695 (D. Nev. Aug. 3, 2022), the Court granted summary judgment in favor of defendants—the police officer who shot plaintiff's pet dog and the department that employed him—on plaintiff's Section 1983 claims. *Id.* at *1. Nevertheless, the court re-taxed costs from $4,528.00 to $0.00. *Id.* at *2. In doing so, the court rejected defendants' implication—similar to Defendants' implication here (*see* ECF No. 173, p. 4:1-3)—that "the lawsuit was brought in bad faith based on the sole fact that [plaintiff] lost at the summary-judgment stage." *Id.* at *5. The court further noted that while plaintiff lost at summary judgment, "there is no indication that this was a frivolous lawsuit or that it was brought in bad faith" where, as here, there was "no indication that [plaintiff's] discovery efforts were made to harass or incur unnecessary costs—the docket contain[ed] no mention of discovery disputes or sanctionable conduct, and defendants [did] not cite a single instance of discovery abuse to support their statements." *Id.* at *5-6. Likewise here, Defendants cannot point to any

3

discovery disputes or sanctionable conduct on the part of Mr. Solomon or his counsel. Thus, re-taxing costs downward is appropriate.

### B. This Matter Is of Significant Public Importance.

Defendants argue that "when the case is stripped to its core, it is not one that deals with an issue of substantial public importance" but rather a case that "involved criminal defiance by the Plaintiff, masquerading as a First Amendment case." (ECF No. 157, p. 4:13-16.) While Mr. Solomon objects to this mischaracterization of the matter, the "public interest in allowing individuals to sue for perceived abuses of police power cannot be understated." *Miller*, 2022 U.S. Dist. LEXIS 138695, *3. This is especially true in the context of the First Amendment, which, as a fundamental principle, protects people's "access to places where they can speak and listen, and then, after reflection, speak and listen once more" and holds public forums as "essential venues for public gatherings to celebrate some views, to protest others, or simply to learn and inquire." *Packingham v. North Carolina*, 582 U.S. 98, 104, 137 S. Ct. 1730, 1735 (2017). It is further true in the context of recording video in public: the issue of whether police may prohibit civilians from recording public events has been repeatedly litigated—and generally answered in the negative. *See Bennett-Martin v. Plasencia*, 804 F. App'x 560, 563 (9th Cir. 2020) (Christen, J. concurring) (citing *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1044 (9th Cir. 2018) and *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995)) (noting that the Ninth Circuit "repeatedly held that the First Amendment protects an individual's right to photograph and record matters of public interest … including activities of police officers"). Thus, this factor weighs in favor of a downward re-taxing of costs.

### C. The Issues in this Matter Were Close and Difficult.

Defendants argue that even though "the Court determined, as a matter of first impression, that the sidewalk on Fashion Show Drive was a public forum, none of the other issues decided in favor of the LVMPD Defendants could be considered close or difficult." (ECF No. 173, p. 4:22-24.) This alone demonstrates the closeness of the issues at hand—had the Court determined that the sidewalk at issue was not a public forum, the Court would not have had to

4

engage in any analysis regarding whether time, place and manner of the restrictions on Mr. Solomon's First Amendment rights were reasonable. Thus, this factor weighs in favor of re-taxing costs downward.

### D. Taxing Costs Against Mr. Solomon Will Have a Chilling Effect on Future Civil Rights Actions.

Defendants correctly note that "subsequent to the filing of the instant case, *Plaintiff filed another §1983 lawsuit against LVMPD, which included allegations that his First, Fourth and Fourteenth Amendment rights were violated.*" (ECF No. 173, p. 5:12-15 (citing *Solomon v. LVMPD, et al.*, Case No. 2:22-cv-00847, ECF No. 1).) However, Mr. Solomon's allegations that a separate group of Metro officers violated his constitutional rights in a different 2020 incident are not relevant to whether the imposition of costs in this matter will chill future civil rights litigants. As reflected in Defendants' Opposition, Mr. Solomon filed his complaint in that matter on May 27, 2022. Yet, summary judgment was not granted in the instant matter until November 9, 2023 (ECF No. 156) and Defendants' bill of costs was not submitted until November 22, 2023. (ECF No. 158.) Thus, Mr. Solomon is a "current litigant" rather than a "future litigant" and his attempt to seek redress for violations of his constitutional rights has no bearing on whether imposing costs would have a chilling effect.

Just as the *Miller* court did, this Court should hold that "permitting these costs would have a chilling effect on civil-rights litigants seeking to vindicate their rights in potentially meritorious suits." *Miller*, 2022 U.S. Dist. LEXIS 138695, *4. As the Ninth Circuit stated, "[w]ithout civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Education*." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999). Here, although the "boundaries of the law" were not sufficiently expanded for Mr. Solomon to survive summary judgment in this matter, future litigants should not be dissuaded by the prospect of paying Defendants' costs from further testing (and having courts further define) those boundaries in similar, potentially meritorious matters. Thus, the costs imposed on Mr. Solomon should be re-taxed downward or vacated.

### E. Indigency is Not Required for this Court to Re-Tax Costs

While Defendants correctly note that Mr. Solomon is not indigent (ECF No. 173, p. 5:16), "a plaintiff need not be utterly indigent to merit some relief from taxation of costs" in civil rights cases. *Coulter v. Newmont Gold Co.*, 873 F. Supp. 394, 397 (D. Nev. 1994) (citing *Braxton v. United Parcel Service, Inc.*, 148 F.R.D. 527, 528 n. 2 & 529 (E.D. Pa. 1993)); *see also Miller*, 2022 U.S. Dist. LEXIS 138695, *4 ("indigence is not required for a plaintiff's limited financial resources to warrant re-taxing costs").

Here, Mr. Solomon's limited financial resources warrant re-taxing of costs, even if Mr. Solomon is not indigent. As noted in Mr. Solomon's declaration, payment of these costs will negatively impact his ability to meet his financial responsibilities to himself and his young son. That is enough to demonstrate that this Court should re-tax costs downward.

### F. There Is a Vast Economic Disparity Between Mr. Solomon and Defendants.

Courts have declined to award costs to a prevailing defendant where the defendant has significantly larger financial resources than an individual plaintiff. *See Miller*, 2022 U.S. Dist. LEXIS 138695, *5 ("the economic disparities between a county government and an individual residing in that county are obvious"); *Coulter*, 873 F. Supp. at 397; *Reagan v. Bankers Trust Co.*, 863 F.Supp. 1511, 1521 (D. Utah 1994) (economic disparity between the parties can be considered); *Ezold v. Wolf, Block, Schorr and Solis–Cohen*, 157 F.R.D. 13 (E.D.Pa.1994) (same); *Schaulis v. CTB/McGraw-Hill, Inc.*, 496 F. Supp. 666, 679-80 (N.D.Cal.1980); *County of Suffolk v. Secretary of the Interior*, 76 F.R.D. 469 (E.D.N.Y.1977); *Maldonado v. Parasole*, 66 F.R.D. 388, 390 (S.D.N.Y. 1975); *Martin v. Frontier Fed. Sav. & Loan Ass'n*, 510 F. Supp. 1062, 1069 (W.D. Okla. 1981) ("The plaintiff in this case is not indigent and the defendant is not a major corporate entity, but the Court views the disparity in economic status to be sufficient to warrant the denial of costs to the defendant in view of all other circumstances.").

As noted in the Motion, Mr. Solomon has limited financial resources, while Defendants are one of the largest police departments in the United States (and its officers,

1  who are presumably indemnified by Metro). Thus, it is reasonable to conclude that
2  Defendants "will not be financially crippled by a failure to award full costs in this case."
3  *Coulter*, 873 F. Supp. at 397. Mr. Solomon, as demonstrated in his declaration, will be
4  severely impacted if full costs are awarded. Thus, this Court should exercise its discretion to
5  re-tax the costs downward in this case.

### G. Defendants Are Not Entitled to Costs Under State Law.

Defendants argue that under "NRS 18.020(3), the prevailing party in an action "where the plaintiff seeks to recover more than $2,500" is entitled to recover his or her costs "against any adverse party against whom judgment is rendered." (ECF No. 173, p. 6:20-22.) Further, Defendants argue that the only basis for re-taxing costs under Nevada law is reasonableness. (*Id.*, p. 7:3.) These arguments fall short, and costs cannot be imposed upon Mr. Solomon based on Nevada law.

From the outset, the LVMPD Defendants were not "adverse parties" regarding Mr. Solomon's state law claim for negligent training. Indeed, this claim was not brought against the LVMPD Defendants to begin with—only against the Fashion Show Mall and Universal Protection Service Defendants. (ECF No. 57, ¶¶ 142-147.) Further, it was dismissed by stipulation prior to the conclusion of discovery. (*See* ECF No. 100.) For these obvious reasons, this claim was not briefed in Defendants' Motion for Summary Judgment (ECF No. 118) and the Court did not evaluate these irrelevant claims in its Order granting summary judgment. (ECF No. 156.)

Thus, it is entirely disingenuous for Defendants to claim that they accrued any costs litigating against Mr. Solomon's lone state tort claim for negligent training, which, again, they were not adverse[1] to. This wholly undermines Defendants' contention that they are entitled to any costs they allegedly incurred in litigating Mr. Solomon's state tort claim; after all, it is tautologically unreasonable to defend claims brought against different defendants. Defendants cannot demonstrate that any of the costs they incurred were in any way related

---

[1] Black's Law Dictionary, 2nd. Ed., defines "adverse" as "opposed; contrary; in resistance or **opposition to a claim**, application, or proceeding." *See* https://thelawdictionary.org/adverse/ (last accessed February 1, 2024) (emphasis added).

to defending against a claim not brought against them. *See N. Las Vegas Infrastructure Inv. & Constr., Ltd. Liab. Co. v. City of N. Las Vegas*, 525 P.3d 836, 842-43 (Nev. 2023) (district court did not abuse discretion in denying costs for videotaped depositions where requester did not use the video depositions at trial, did not explain why obtaining video depositions were necessary, and therefore "failed to demonstrate that its costs for videotaping certain depositions were necessarily incurred."). Simply put, because Defendants did not prevail on any state law claims in this matter, nor could they have incurred reasonable expenses defending against another defendant's previously dismissed claims, Defendants are not entitled to recover any costs under NRS 18.020.

## III.    CONCLUSION

For the reasons set forth above, Mr. Solomon respectfully requests that this Court re-tax Defendants' costs in this matter to $0.00, or alternatively reducing them by an amount the Court believes is appropriate.

DATED this 1st day of February, 2024.

>    */s/ Leo S. Wolpert*
>    MARGARET A. MCLETCHIE, Nevada Bar No. 10931
>    PIETER M. O'LEARY, Nevada Bar No. 15297
>    LEO S. WOLPERT, Nevada Bar No. 12658
>    **MCLETCHIE LAW**
>    602 South Tenth St.
>    Las Vegas, Nevada 89101
>    Telephone: (702) 728-5300; Fax: (702) 425-8220
>    Email: maggie@nvlitigation.com
>    *Counsel for Plaintiff Nebyou Solomon*